]IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KENNETH CHARGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-04212-NKL |
| ) | |
| STEPHEN REGESTER and ) | |
| J.B. HUNT TRANSPORT, INC., ) | |
| Defendants. ) | |

**ORDER**

Defendant J.B. Hunt Transport, Inc. moves to dismiss for failure to state a claim Counts IV and VI, as well as Counts III-VI as to punitive damages. [Doc. 7]. Defendant Stephen Regester moves to dismiss Count II, as well as Counts I and II as to punitive damages. [Doc. 26]. For the following reasons, Defendant J.B. Hunt's motion is granted, and Defendant Stephen Regester's motion is granted in part and denied in part.

**I.    Background[1]**

On July 26, 2011, Defendant Stephen Regester backed his tractor-trailer into Plaintiff Kenneth Charger's parked tractor-trailer while Charger was inside. The impact shook Charger in his vehicle, causing him "to suffer physical injuries to his head, neck, ribs, right shoulder, and back, as well as severe emotional and psychological injuries, including depression, anxiety, and post-traumatic stress disorder." [Doc. 1, p. 2-3]. At the time of the collision, Defendant J.B.

---

[1] At the motion to dismiss stage, all of Plaintiff's allegations are accepted as true and construed in the light most favorable to him. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

Hunt Transport, Inc. was the registered owner of the tractor-trailer, and Regester was J.B. Hunt's "employee, agent, servant, and/or independent contractor." [Doc. 1, p. 6].

Charger alleges that Regester negligently failed to: keep a careful lookout; exercise the highest degree of care while operating his vehicle; ensure that the area behind his vehicle was clear of all obstructions before backing up; yield the right of way; not drive at an excessive speed; stop, swerve, slow his speed, or sound a warning after he knew or could have known that there was a reasonable likelihood of a collision; drive at a speed that made it possible for him to stop within the range of his visibility; and not operate his vehicle in a fatigued or impaired condition. In addition, J.B. Hunt negligently failed "to act reasonably in hiring, training, supervising, and retaining . . . Regester and [failed] to promulgate and enforce rules, regulations, and policies to ensure its drivers, including . . . Regester, operated vehicles in a reasonably safe manner." [Doc. 1, p. 7].

Finally, Charger pleads that at the time of the collision, Regester "likely violated the following federal regulations, and after a reasonable opportunity for further investigation or discovery, [his] actual violation of each of these regulations will likely have evidentiary support":

- to operate his tractor-trailer in accordance with the laws, ordinances, and regulations of the State of Missouri, as well as the regulations of the Federal Motor Carrier Safety Administration, as required by 49 C.F.R. § 392.2;
- not to operate his tractor-trailer while his ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate his tractor-trailer, pursuant to § 392.3;
- to comply with the hours of service requirements specified by § 395; and
- to be qualified to drive a commercial vehicle as defined by § 391.11, and specifically, to have a currently valid commercial vehicle operator's license issued by only one State or jurisdiction pursuant to § 391.11(b)(5). [Doc. 1, p. 4].

Similarly, Charger pleads that at the time of the collision, J.B. Hunt "likely violated—and encouraged Defendant Stephen Regester to violate—the following federal regulations, and after

2

a reasonable opportunity for further investigation or discovery, Defendant['s] . . . actual violation of each of these regulations will likely have evidentiary support":

- to require that each of its employed drivers observe and comply with all applicable regulations promulgated by the Federal Motor Carrier Safety Administration, as required by 49 C.F.R. § 390.11;
- not to aid, abet, or encourage the drivers it employs to violate regulations promulgated by the FMCSA, as required by § 390.13;
- to enforce § 392.3's requirement that each of the drivers it employs not operate a tractor-trailer while their ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate his tractor-trailer;
- to comply with the hours of service requirements in § 395 for each driver it employs;
- to employ only drivers qualified to drive a commercial vehicle, as defined by § 391.11, and specifically, to have a currently valid commercial vehicle operator's license issued by only one State or jurisdiction pursuant to § 391.11(b)(5);
- to make investigations and inquiries into the drivers it employs, § 391.23;
- to perform an annual inquiry and review of the driving records of the drivers it employs, as required by § 391.25;
- to maintain a complete driver qualification file for each driver it employs, as required by § 391.51; and
- to maintain a complete driver investigation history file for each driver it employs, as required by § 391.53. [Doc. 1, p. 9-10].

Charger's Complaint states six counts: (I) Regester's Negligence, (II) Regester's Negligence Per Se, (III) J.B. Hunt's Vicarious Liability, (IV) J.B Hunt's Strict Liability, (V) J.B. Hunt's Negligence, and (VI) J.B. Hunt's Negligence Per Se. Each count includes a request for both actual and punitive damages.

## II. Discussion

J.B. Hunt contends that Charger has failed to state a claim upon which relief can be granted as to Counts IV and VI, as well as for the punitive damages sought under Counts III, IV, V, and VI. Regester argues that Charger has failed to state a claim for his alleged negligence per se under Count II and for the punitive damages sought under Counts I and II. Therefore, Defendants argue that dismissal of these claims is proper under Federal Rule of Civil Procedure 12(b)(6).

3

At the pleading stage, a plaintiff is not required to present detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### A. Count IV: Strict Liability Claim

J.B. Hunt argues that Charger's strict liability claim must be dismissed because he does not plead any plausible basis for imposing strict liability in his Complaint. Charger concedes dismissal to this claim. [Doc. 16, p. 2]. Therefore, Charger's Count IV strict liability claim is dismissed with prejudice.

### B. Counts II and VI: Negligence Per Se Claims

Missouri law requires that, "[t]o establish a claim of negligence per se, the plaintiff must plead the following four elements: (1) the defendant violated a statute or regulation; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or regulation; (3) the injury complained of was of the kind the statute or regulation was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury." *Dibrill v. Normandy Assocs., Inc.*, 383 S.W.3d 77, 84-85 (Mo. Ct. App. 2012). J.B. Hunt and Regester contend that Charger failed to state a claim of negligence per se as to either defendant because he did not sufficiently plead either direct or inferential allegations as to all of these elements.

To support his negligence per se claim against J.B. Hunt, Charger alleges that J.B. Hunt "likely violated" nine federal regulations promulgated by the Federal Motor Carrier Safety Administration, which he lists in his Complaint. As to his negligence per se claim against Regester, Charger similarly alleges that Regester "likely violated" four of the Act's regulations,

4

as well as failed to operate his tractor-trailer in accordance with Missouri law. Because the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party," the Court construes this Count II negligence per se claim against Regester as two claims: for violation of Missouri state laws and for violation of federal regulations. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010).

With respect to the negligence per se state law claim against Regester, the Court finds Charger has pled sufficient facts to state a plausible claim. Charger pled that Regester "likely" failed "to operate his tractor-trailer in accordance with the laws, ordinances, and regulations of the State of Missouri." [Doc.1, p.4]. Further, Charger identified specific facts that support negligence per se under Missouri state law, including that Regester failed to keep a careful lookout and yield the right of way, and failed to ensure the area behind his vehicle was clear of all obstructions before backing up. This "factual content . . . allows the Court to draw the reasonable inference that [Regester] is liable" for negligence per se. *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010). Therefore, Regester's motion to dismiss is denied with respect to Charger's Count II negligence per se state law claim.

As to the negligence per se federal law claims against Regester and J.B. Hunt, the only related fact alleged by Charger is that "Regester backed a tractor-trailer into a parked tractor-trailer occupied by [Charger], causing a collision." [Doc. 1, p. 2]. J.B. Hunt and Regester contend that Charger has failed to allege facts demonstrating how he believes either defendant violated any of the listed federal regulations. Therefore, the defendants contend both of these claims are comprised of mere conclusory allegations.

The defendants further argue that Charger's negligence per se claims fail to state two requisite elements: (1) that he was a member of the class of persons intended to be protected by

5

the regulation and (2) that his injuries are of the kind the regulation was designed to prevent. Charger responds that these two elements can be "reasonably inferred" when viewing the complaint as a whole, but the Court cannot infer these elements without any facts upon which to base its inferences. Charger's single factual allegation coupled with a list of federal regulations that each defendant "likely violated" is insufficient to make either of his negligence per se federal law claims plausible, even under the Federal Rules' liberal pleading standard.

Charger also argues that his pleadings are sufficient because Federal Rule of Civil Procedure 11(b)(3) permits him to make factual allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." [Doc. 17, p. 1]. This argument, however, overlooks the distinctly different purposes served by Rules 12(b)(6) and 11(b)(3). The purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See e.g., Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) ("[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.") (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In contrast, Rule 11(b)(3) serves to ensure that pleadings are filed in good faith, to deter frivolous lawsuits, and to impose sanctions where the litigation process has been abused. *See e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . [and it] imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact.").

Charger is correct that Rule 11(b)(3) requires him to plead his factual allegations in good faith, but Rule 12(b)(6) also requires him to plead enough factual allegations that a court may plausibly infer that a claim exists, which Charger has failed to do. Therefore, Charger's

6

negligence per se federal law claims against J.B. Hunt and Regester are dismissed without prejudice.

### C. Punitive Damages as to All Counts

Regester contends that Charger's claims for punitive damages under Counts I and II should be dismissed because he has not pled any facts alleging intentional or reckless conduct, as required by Missouri law. J.B. Hunt makes the same argument as to Charger's punitives claims under Counts III, IV, V, and VI. Because the Court has already dismissed Count II with respect to the negligence per se federal law claim, as well as Counts IV and VI, it need only assess the punitive damages claims under the remaining Counts: I, II with respect to the negligence per se state law claim, III, and V.

Under Missouri law, punitive damages are available in negligence actions "only when the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury." *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 436 (Mo. banc 1985) (describing an individual's firing of a rifle into a moving passenger train as an example of a defendant who knew or should have known that there was a high degree of probability that his conduct would result in injury). "The defendant's conduct must be tantamount to intentional wrongdoing where the natural and probable consequence of the conduct is injury. With such a showing, a plaintiff can recover for aggravating circumstances based upon the defendant's complete indifference to or conscious disregard for the safety of others." *Lopez v. Three Rivers Electric Coop., Inc.*, 26 S.W.3d 151, 160 (Mo. banc 2000). Therefore, to obtain punitive damages in a negligence action, the "plaintiff must show conduct more egregious than that on which the claim of negligence is based." *Litchfield v. May Dept. Stores Co.*, 845 S.W.2d 596, 599 (Mo. App. Ct. 1992).

7

As previously discussed, Count I alleges that Regester negligently operated his tractor-trailer in a variety of ways, including failing to keep a careful lookout and failing to ensure that the area behind his vehicle was clear of all obstructions before backing up. Count I requests punitive damages by characterizing Regester's negligent actions as "willful conduct, involving a conscious indifference . . . and reckless disregard" for the safety of the public. [Doc. 1, p. 3]. Likewise, Count II requests punitive damages sufficient to punish Regester for his "likely" violation of federal and state laws and regulations.

Even construing all reasonable inferences in Charger's favor, Charger has failed to allege that Regester engaged in any specific conduct more egregious than the conduct upon which these negligence claims are based. The Court cannot infer from Charger's limited factual allegations of negligent conduct that Regester somehow behaved intentionally or recklessly to the level required for punitive damages. To find otherwise would mean that a garden variety negligence claim like this one would, as a rule, always support a request for punitive damages.

Count III alleges that J.B. Hunt is vicariously liable for Regester's negligence in Counts I and II and requests punitive damages sufficient to punish J.B. Hunt. In support of dismissal, J.B. Hunt argues that Count III does not plead any reckless misconduct on J.B. Hunt's part, as required for punitive damages. The Court agrees. Charger fails to plead any facts suggesting that J.B. Hunt knew or should have known Regester would behave negligently. Because the Complaint is devoid of facts showing that J.B. Hunt's conduct was "tantamount to intentional wrongdoing," this claim for punitive damages is dismissed.

Finally, Count V alleges that J.B. Hunt negligently failed to act reasonably in hiring, training, supervising, and retaining Regester and negligently failed to promulgate and enforce rules, regulations, and policies to ensure its drivers operated vehicles in a reasonably safe

8

manner. Charger again requests an award of punitive damages by alleging that the previous actions constitute "willful conduct, involving a conscious indifference and wanton and reckless disregard for the rights and safety of [Charger] and the rest of the public." [Doc. 1, p. 8]. J.B. Hunt argues that the absence of any factual allegations regarding *how* it was "reckless" defeats this claim for punitive damages. Without commenting on whether Charger's minimal factual allegations state a claim for ordinary negligence in Count V,[2] the Court, regardless, cannot plausibly infer that J.B. Hunt's alleged behavior rose to the level of intentional wrongdoing. Rather, Charger has failed to identify the facts necessary to state a claim for punitive damages—facts showing that J.B. Hunt knew its alleged employment practices were substantially likely to cause harm.

In support of his punitive damages claims, Charger argues that pursuant to Rule 11(b)(3), he has pled that he will "likely [be able] to deduce evidentiary support through further investigation or discovery" that is indicative of willful conduct.[3] The Court is unpersuaded by this argument because, as previously discussed, Rule 12(b)(6) governs the legal sufficiency of a

---

[2] J.B. Hunt did not move for dismissal of Count V, and thus, the Court does not comment on this claim's plausibility.

[3] Charger also argues that his belief that J.B. Hunt's conduct was wanton and reckless is based on the most recent safety measurement system report from the FMCSA, which Charger filed as an exhibit attached to his briefing. [Doc. 16-1]. Charger additionally argues that a complaint similar to his survived a motion to dismiss in another district court, and Charger filed this case as a second exhibit. [Doc. 16-2]. J.B. Hunt argues that the Court should not consider these exhibits because they are matters outside of Charger's pleadings and are improper within the context of a 12(b)(6) motion. The Court agrees with respect to the safety report. Furthermore, the Court notes that this report provides data from the last two years, whereas Charger's accident occurred five years ago, making this report completely irrelevant to the present action.
Although the Court does consider Charger's case exhibit, this is an unreported district court decision, and as such, it is not binding on this court. *Ctr. For Family Med. v. United States*, 614 F.3d 937, 942 (8th Cir. 2010) ("One district court is not bound by the decision or reasoning of another district court involving other parties with the same issue.").

9

claim, not Rule 11(b)(3). Therefore, whether Regester complied with Rule 11(b)(3) is irrelevant to whether he states a plausible claim under Rule 12(b)(6).

For the previous reasons, Charger's remaining punitive damages claims under Counts I, II, III, and V are dismissed without prejudice.

### III. Conclusion

For the reasons set forth above, Defendant J.B. Hunt's motion to dismiss, [Doc. 7], is granted. Count IV is dismissed with prejudice; the requests for punitive damages under Counts III and V are dismissed without prejudice; and Count VI is dismissed without prejudice. Defendant Regester's motion to dismiss, [Doc. 26], is granted in part and denied in part. The federal negligence per se claim under Count II is dismissed without prejudice but not the state negligence per se claim; the requests for punitive damages under Counts I and II are dismissed without prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 9, 2016
Jefferson City, Missouri