# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

KENNETH CHARGER,                          )
                                          )
           Plaintiff,                )
                                          )
    v.                                )          No. 2:16-cv-04212-NKL
                                          )
STEPHEN REGESTER,                         )
                                          )
 and                                      )
                                          )
J.B. HUNT TRANSPORT, INC.,                )
                                          )
          Defendants.              )

## PARTIES'JOINT JURY INSTRUCTIONS

        COMES NOW the parties, by and through undersigned counsel and submit their

Joint Jury Instructions.

                Respectfully submitted:

                **SANDERS.LAW**

                */s/ Stephen G. Sanders*

| | |
|---|---|
| Stephen G. Sanders, | Missouri Bar No. 51172 |
| David L. Johnson, | Missouri Bar No. 61867 |

9800 NW Polo Avenue, Suite 100
Kansas City, MO 64153-1397
Telephone:    (816) 457-6006
Facsimile:    (816) 912-4810
steve@attorneystevesanders.com
david@attorneystevesanders.com
**ATTORNEYS FOR PLAINTIFF**

                And

MANZ SWANSON HALL FOGARTY & GELLIS, P. C.

/s/ David A. Gellis

| David A. Gellis, | Missouri Bar No. 58509 |
| Kelly M. Shorten, | Missouri Bar No. 64458 |

City Center Square
1100 Main Street, Suite 1930
Kansas City, MO 64105
Telephone:    (816) 472-5310
Facsimile:    (816) 472-5320
dgellis@mslawkc.com
kshorten@mslawkc.com
**ATTORNEYS FOR DEFENDANTS**

## INSTRUCTION NO. 1

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and

that has been presented here in court.  If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination.  Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.  Failure to follow these instructions could also result in you being held in contempt of the court and punished accordingly.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?  (And then continue with other voir dire.)

1.01
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

# INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

1.02
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 3

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the courtroom deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by the plaintiff against the defendants. The plaintiff alleges that defendant Stephen Regester, who worked for defendant J.B. Hunt Transport, Incorporated, negligently backed a tractor-trailer into a parked tractor-trailer occupied by plaintiff, causing a collision. The plaintiff further alleges that defendant J.B. Hunt is vicariously liable for any liability defendant Stephen Regester has for causing the collision. Lastly, Plaintiff alleges that defendant J.B. Hunt negligently hired defendant Stephen Regester and negligently trained, supervised, or retained defendant Stephen Regester. The defendants deny these allegations. Defendants allege that plaintiff failed to keep a careful lookout while operating his truck and was negligent in failing to use the highest degree of care in operating his truck. The plaintiff denies these allegations. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

1.03
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

1.04
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

**INSTRUCTION NO. 5**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

1.05
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

# INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say.  If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence.  And do not let taking notes distract you from paying close attention to the evidence as it is presented.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave them __.

When you leave at night, your notes will be locked up and will not be read by anyone.

1.06
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

# INSTRUCTION NO. 7

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like

device.  Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter.  In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it.  Do not listen to any radio or television reports about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case.   If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court.  If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will deny them justice.  Remember, you have taken an oath to follow the rules, and you must do so.  If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be.  Keep an open mind until after you and your fellow jurors have discussed all the evidence.

1.08
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant0's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.

1.09
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

# INSTRUCTION NO.  9

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

2.01
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

**INSTRUCTION NO.  10**

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered was electronically videotaped and that recording now will be played for you.  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

2.14
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 11

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

3.01
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

**INSTRUCTION NO. 12**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

3.02
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

# INSTRUCTION NO. 13

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

3.03
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 14

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

3.04
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

**INSTRUCTION NO. 15**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the courtroom deputy that you are ready to return to the courtroom.

3.06
8TH CIR. CIVIL JURY INSTR. § 4.70 (2017)
This Proposed Instruction is Agreed Upon by the Parties

## INSTRUCTION NO. 16

The term "negligent" or "negligence" as used in this these instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

M.A.I. 11.07
This Proposed Instruction is Agreed Upon by the Parties (applying only as to Plaintiff's
negligent hiring/retention claim against Def. J.B. Hunt)

**INSTRUCTION NO. 16**

The term "negligent" or "negligence" as used in this these instructions means the failure to use the highest degree of care.  The phrase "highest degree of care" means that degree of care that a very careful person would use under the same or similar circumstances.

M.A.I. 11.03
This Proposed Instruction is Agreed Upon by the Parties (applying only as to Plaintiff's
negligence claim against Def. Regester)

**INSTRUCTION NO. 17**

Your verdict must be for plaintiff against Defendant Stephen Regester if you believe:

      First, Defendant Stephen Regester failed to keep a careful lookout, and

      Second, Defendant Stephen Regester was thereby negligent, and

      Third, such negligence directly caused or directly contributed to cause damage to Plaintiff.

M.A.I. 17.01, Modified by 37.01
This Proposed Instruction is Agreed Upon by the Parties

**INSTRUCTION NO. 18**

In your verdict you must find Defendant J.B. Hunt Transport, Inc. responsible for any negligence of Defendant Stephen Regester if you believe driver Regester was operating the J.B. Hunt Transport, Inc. motor vehicle within the scope and course of employment by JB Hunt Transport, Inc.

M.A.I. 18.01 Modified
Proposed by Plaintiff

# INSTRUCTION NO. 19

In your verdict, you must assess a percentage of fault to Defendant J.B. Hunt Transport, Inc. if you believe:

First, either:

Defendant J.B. Hunt Transport, Inc. hired Defendant Stephen Regester, or

Defendant J.B. Hunt Transport, Inc. trained Defendant Stephen Regester, or

Defendant J.B. Hunt Transport, Inc. supervised Defendant Stephen Regester, or

Defendant J.B. Hunt Transport, Inc. retained Defendant Stephen Regester, and

Second, Defendant J.B. Hunt Transport, Inc., in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, such negligence directly caused or directly contributed to cause damage to Plaintiff.

M.A.I. 17.02, Modified by 37.01
Not-in-MAI 5-7.10
*McHaffie v. Bunch*, 891 S.W.2d 822, 825-26 (Mo. banc 1995)
*Gibson v. Brewer*, 952 S.W.2d 239 (Mo. 1997)
*Restatement (Second) of Torts*, §§ 317 and 324A (1965)
*Conroy v. City of Ballwin*, 723 S.W.2d 476, 479 (Mo. App. 1986)
*J.M. v. Shell Oil Co.*, 922 S.W.2d 759 (Mo. 1996)
Proposed by Plaintiff

**INSTRUCTION NO. 20**

In your verdict, on the claim of Plaintiff for personal injuries based on negligence per se, you must assess a percentage of fault to Defendant Stephen Regester whether or not Plaintiff was partly at fault, if you believe:

First, Defendant Stephen Regester failed to back his vehicle with reasonable safety and without interfering with other traffic.

Second, such failure directly caused or directly contributed to cause Plaintiff to sustain damage.

M.A.I. 17.17, Modified by 37.01 and R.S.Mo. § 300.335
Proposed by Plaintiff

**INSTRUCTION NO. 21**

If you assess a percentage of fault to any Defendant, then, disregarding any fault on the part of Plaintiff, you must determine the total amount of Plaintiff's damages to be such sum as will fairly and justly compensate Plaintiff for any damages you believe Plaintiff sustained and is reasonably certain to sustain in the future that the collision directly caused or directly contributed to cause. You must state such total amount of Plaintiff's damages in your verdict.

In determining the total amount of Plaintiff's damages, you must not reduce such damages by any percentage of fault you may assess to Plaintiff. The judge will compute Plaintiff's recovery by reducing the amount you find as Plaintiff's total damages by any percentage of fault you assess to Plaintiff.

MAI 37.03 Modified
*Carlson v. K-Mart Corp.*, 979 S.W.2d 145 (Mo. banc 1998)
Notes on Use MAI 37.03 (2002 Revision)
Proposed by Plaintiff

# INSTRUCTION NO.  22

In your verdict, you must assess a percentage of fault to Plaintiff, whether or not Defendant Stephen Regester was partly at fault, if you believe:

First, either:

Plaintiff failed to keep a careful lookout, or

Plaintiff failed to use the highest degree of care in operating his truck, and

Second, Plaintiff in any one or more of the respects submitted in Paragraph First, was there by negligent, and

Third, such negligence of Plaintiff directly caused or directly contributed to cause any damage Plaintiff may have sustained.

M.A.I. 32.01(2)
This Proposed Instruction is Agreed Upon by the Parties

## VERDICT A

Note:      Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of Plaintiff Kenneth Charger for personal injury based on negligence, we, the undersigned jurors, assess percentages of fault as follows:

| | | | |
|---|---|---|---|
| Defendant | Stephen Regester | _____ % | (zero to 100%) |
| Plaintiff | Kenneth Charger | _____ % (zero to 100%) | |
| | TOTAL | _____ % (zero <u>OR</u> 100%) | |

Note:      Complete the following paragraph if you assessed a percentage of fault to Defendant Stephen Regester:

We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $_____ *(stating the amount).*

Note:      The judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.

Note:      All jurors who agree to the above must legibly sign or print their names below.

| | |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

|  |  |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

MAI 37.07
This Proposed Instruction is Agreed Upon by the Parties

VERDICT B

Note:      Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of Plaintiff Kenneth Charger for personal injury based on negligence per se, we, the undersigned jurors, assess percentages of fault as follows:

Defendant       Stephen Regester        _____ %        (zero to 100%)
Plaintiff          Kenneth Charger         _____ % (zero to 100%)

                      TOTAL                        _____ % (zero OR 100%)

Note:      Complete the following paragraph if you assessed a percentage of fault to Defendant Stephen Regester:

We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $_____ *(stating the amount)*.

Note:      The judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.

Note:      All jurors who agree to the above must legibly sign or print their names below.

| | |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

|  |  |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

MAI 37.07
This Proposed Instruction is Agreed Upon by the Parties

VERDICT C

Note:        Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of Plaintiff Kenneth Charger for personal injury based on negligence, we, the undersigned jurors, assess percentages of fault as follows:

Defendant          J.B. Hunt Transport, Inc.          _____ %          (zero to 100%)
Plaintiff          Kenneth Charger          _____ % (zero to 100%)

                   TOTAL          _____ % (zero OR 100%)

Note:        Complete the following paragraph if you assessed a percentage of fault to Defendant J.B. Hunt Transport, Inc.:

We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $_____ *(stating the amount)*.

Note:        The judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.

Note:        All jurors who agree to the above must legibly sign or print their names below.

| | |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

|  |  |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

MAI 37.07
This Proposed Instruction is Agreed Upon by the Parties